Case 4:21-cr-00019-SEB-VTW   Document 113   Filed 09/25/24   Page 1 of 5 PageID #: &lt;pageID&gt;

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America <br> v. <br> PABLO VAZQUEZ-SALAZAR <br><br> Date of Original Judgment: 04/25/2023 <br> Date of Previous Amended Judgment: <br> *(Use Date of Last Amended Judgment if Any)* | ) <br> ) <br> ) Case No: 4:21-cr-00019-SEB-VTW-1 <br> ) USM No: 63307-509 <br> ) <br> ) <br> ) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 04/25/2023 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/25/2024

*signature: Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

PABLO VAZQUEZ-SALAZAR

DEFENDANT:
CASE NUMBER: 4:21-cr-00019-SEB-VTW-1
DISTRICT: Southern District of Indiana

**I. COURT DETERMINATION OF GUIDELINE RANGE** *(Prior to Any Departures)*
Previous Total Offense Level: _____   Amended Total Offense Level: _____
Criminal History Category: _____   Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

**II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE**
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

**III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a)** *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21-cr-00019-SEB-VTW |
| PABLO VAZQUEZ-SALAZAR, | ) ) | -01 |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Pablo Vazquez-Salazar's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkt. 102]. The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Pursuant to the holding in Dillon v. U.S., 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner because his original guideline range would not be reduced, thus making him ineligible for a reduced sentence. To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of 1 point (rather than 2 under the original guidelines

formulation), if the defendant received 7 criminal history points and committed the office while under criminal justice sentence as specified.  A person who had six criminal history points or fewer receives no status points.

Part B of Amendment 821 allows for a 2-level reduction for (many) offenders who had zero criminal history points.  There are several exceptions to eligibility for this reduction.  He must meet all of § 4C1.1's criteria for eligibility, one of which requires that he not be found to have possessed received, purchased, transported, transferred, sold or otherwise disposed of a firearm in connection with the offense.  § 4C1.1(a)(7).

However, Petitioner Vazquez-Salazar's had zero criminal history points as a part of his sentencing guideline computation but no status points.   His guideline range was 70-87 months, but was subject to a mandatory minimum sentence of 10 years, which increased the guideline range to 120 months.   His final sentence was 120 months.  The 821 Amendment would not lower his sentence range.  Even after applying § 4A1.1(e), he would be subject to the mandatory minimum 10 year sentence.  To be eligible for relief, the sentencing range must be lowered by the applicable amendment.  The Amendment does not affect his overall sentence.  He is therefore ineligible and his motion for reduction of sentence must be denied.

IT IS SO ORDERED.

Date: _____9/25/2024_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of Record via CM/ECF

Pablo Vazquez-Salazar
#63307-509
Federal Correctional Insitution
5560 KNAUTH ROAD
BEAUMONT, TX   77705